UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                       Plaintiff,

  -against-

ROSINGTON CORP. d/b/a STELLA'S PIZZA
and 108-110 9TH PARTNERS LLC,

                       Defendants
-------------------------------------------------------------x

Caso No. 1:25-cv-7526

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Rosington Corp. d/b/a Stella's Pizza and 108-110 9TH Partners LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit arises from persistent and unlawful disability discrimination carried out by the defendants. Plaintiff seeks declaratory, injunctive, and equitable relief, along with compensatory damages, attorney's fees, costs, and expenses, to remedy the defendants' violations of federal, state, and city civil rights laws. The claims are brought under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., its regulations, the New York State Executive Law, the New York State Civil Rights Law, and the Administrative Code of the City of New York.

2. Defendants own, lease, and operate a place of public accommodation that does not comply with these statutes and regulations. They are legally responsible for the actions and omissions of their agents and employees. Instead of investing in accessibility as the law requires, defendants chose to disregard their obligations and, in effect, signaled that disabled customers were not welcome. Plaintiff now seeks to hold them accountable and to compel compliance so that he, and others similarly situated, can access the establishment on equal terms with non-disabled patrons.

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12188 because this case involves federal civil rights claims under the ADA. The Court also has supplemental jurisdiction over plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred here and the property at issue is located within this District.

**PARTIES**

4. Plaintiff is a resident of New York County. Due to a severe spinal injury affecting the L3–L5 vertebrae, compounded by nerve palsy, he has been confined to a wheelchair and suffers from limited mobility and range of motion.

5. Defendants operate and/or lease the premises located at or about 110 9th Avenue, New York, NY 10011. Each defendant is authorized to conduct business in New York State. At all relevant times, defendants owned, controlled, leased, or operated this property as a place of public accommodation.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6. Each defendant qualifies as a public accommodation because they own, lease, control, or operate the premises within the meaning of the ADA, the New York State Executive Law, and the New York City Administrative Code. The premises at 110 9th Avenue is likewise a place of public accommodation since it is operated by a private entity and its operations affect commerce.

7. Plaintiff personally encountered numerous architectural barriers at the premises that restricted his access as a person with a disability. Upon information and belief, the property was constructed for first occupancy after January 26, 1993. Further alterations were also made after January 1992 to areas in and around the premises, yet the defendants

failed to ensure accessibility when those changes were undertaken.

8. Plaintiff is a New York City resident who regularly travels through the neighborhood where the premises is located. He visits the area frequently for dining, shopping, and family activities, and he enjoys reading and listening to music while eating meals. He uses an electric wheelchair for mobility and occasionally takes public buses to get around the city.

9. On or about March 21, 2025, plaintiff attempted to enter Stella's Pizza after hearing favorable reviews of its food, particularly the mushroom pizza. The visit ended in disappointment and humiliation when he was blocked by barriers at the entrance. A large step at the front door, combined with the absence of any way to call for assistance, prevented him from entering. The experience left him embarrassed and made to feel like an outsider.

10. Despite this, plaintiff remains interested in patronizing the establishment once the barriers are removed. Because the premises is less than an hour from his home, he intends to return when access is provided on equal terms.

11. The goods, services, and features offered by defendants are not accessible to or usable by plaintiff as required by the ADA Accessibility Guidelines. The facility does not comply with either the 1991 Standards for Accessible Design or the updated 2010 Standards. It also fails to meet the requirements of the New York City Administrative Code, the Building Code of the City of New York, and the 2014 New York City Construction Code.

12. As a result of these deficiencies, plaintiff has been denied the safe and equal access to which he is entitled. The premises has not been constructed, altered, or maintained in compliance with the governing accessibility laws.

13. Among the barriers plaintiff encountered, or that continue to deter him from visiting, are:

A. **Inaccessible entrance**: There is no accessible route into the restaurant. The step at the entryway prevents wheelchair access, there is no ramp, and no accessible means of egress is provided. Accessibility requirements mandate that at least one accessible route connect public streets and sidewalks to the facility entrance, and that entrances, doors, and level changes comply with established standards.

B. **Inaccessible dining tables**: Interior dining tables fail to provide required knee and toe clearance. A compliant percentage of accessible dining surfaces has not been provided.

C. **Inaccessible bar**: The bar height exceeds maximum allowances. Required knee and toe clearance has not been built into the design, and no accessible portion of the bar is available to patrons with disabilities.

D. **Inaccessible service counter**: The service counter is higher than permitted and lacks an accessible segment at the correct height and depth for wheelchair users.

E. **Inaccessible self-service counter**: Shelving and self-service surfaces are positioned above maximum reach ranges, making them unusable by individuals in wheelchairs.

14. These barriers are not exhaustive. A full inspection will reveal additional violations. Plaintiff intends to amend this Complaint to include any further violations uncovered during such inspection.

15. Defendants' refusal to bring the premises into compliance has denied plaintiff the opportunity to participate in and benefit from the services and accommodations offered. They have failed to adopt policies or make reasonable modifications for individuals with disabilities. Because the barriers remain, plaintiff faces an ongoing and credible threat of future discrimination. He frequently travels to the neighborhood and intends to visit Stella's Pizza once it becomes accessible, as he looks forward to the unique dining experience offered.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

16.     Plaintiff repeats and incorporates all prior allegations as though fully set forth here.

17.     Plaintiff has a disability within the meaning of the ADA because his spinal injury and related conditions substantially limit his ability to walk and restrict his range of motion. He relies on a wheelchair for mobility.

18.     Under federal regulations, both the owner and the tenant of a public accommodation are jointly and severally liable for ADA compliance. Neither can avoid responsibility through contractual arrangements such as a lease. Defendants, as both property owner and operator, therefore remain equally accountable to plaintiff.

19.     By maintaining a facility that is not accessible, defendants have denied plaintiff full and equal enjoyment of their business and subjected him to disparate treatment. Their policies and practices have had a disparate impact on plaintiff as well.

20.     Defendants discriminated against plaintiff by designing, constructing, and operating a restaurant that is not accessible or usable by individuals with disabilities and not compliant with the 1991 or 2010 ADA Standards. The facility also fails to provide an integrated, equal setting for disabled patrons, as required by 42 U.S.C. § 12182(b)(1)(A).

21.     When defendants undertook alterations to the premises, they failed to make those areas accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406. They also failed to ensure that the paths of travel to and within the primary function areas were accessible, contrary to 28 C.F.R. § 36.403. Section 36.406 further required defendants to bring facilities into compliance with the 2010 Standards, which they did not do.

22.     Defendants neglected to remove barriers where it was readily achievable to do so, in violation of 28 C.F.R. § 36.304 and 42 U.S.C. § 12182(b)(2)(A)(iv). Making the

premises accessible would not have imposed undue difficulty or expense. By failing to act, defendants discriminated against plaintiff on the basis of disability.

23. Alternatively, defendants also violated the ADA by failing to provide reasonable alternatives to barrier removal, as required by 28 C.F.R. § 36.305. Their continued maintenance of an inaccessible facility constitutes a pattern and practice of disability discrimination under 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

24. Through their conduct, defendants have discriminated against plaintiff by creating and preserving a place of public accommodation that is inaccessible in violation of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

25. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth here.

26. Because of his spinal injury and related medical conditions, plaintiff is substantially limited in the life activities of walking and mobility. He therefore qualifies as a person with a disability under New York State Executive Law § 296(21).

27. Defendants have treated plaintiff differently and denied him equal opportunity to use and enjoy their place of public accommodation solely because of his disability. By maintaining and operating an inaccessible facility, defendants have violated New York State Executive Law § 296(2). Each defendant has also aided and abetted the other in engaging in unlawful disability discrimination.

28. Defendants failed to remove barriers to access where it would have been readily achievable to do so, in violation of § 296(2)(c)(iii). In the alternative, they failed to provide reasonable accommodations or alternatives to barrier removal, in violation of § 296(2)(c)(iv).

29. It would have been readily achievable, and not an undue burden, to make the premises accessible. Their refusal to do so directly caused plaintiff humiliation, embarrassment, anxiety, and stress. As a result, he has suffered damages and will continue to suffer harm in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

30. Plaintiff repeats and incorporates all prior allegations as if fully set forth herein.

31. Plaintiff's medical conditions substantially limit his ability to walk and move, impairing bodily systems and qualifying him as a person with a disability under Administrative Code § 8-102(16).

32. The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, clarified that the New York City Human Rights Law must be interpreted broadly and independently of federal and state civil rights laws. It requires courts to construe the Administrative Code liberally to achieve its broad remedial purposes.

33. Defendants have denied plaintiff equal access to their facility by refusing, withholding, and failing to provide the accommodations and advantages of their business because of disability, in violation of Administrative Code § 8-107(4). Both defendants have aided and abetted one another in these violations.

34. Defendants discriminated against plaintiff by designing, maintaining, and operating a commercial facility that is not accessible, in violation of the Administrative Code and Local Law 58. Their conduct has subjected plaintiff to disparate treatment and disparate impact, depriving him of full and equal use of their place of public accommodation.

35. As a result, plaintiff has endured humiliation, stress, and embarrassment. Upon information and belief, defendants' refusal to comply with accessibility laws was deliberate

and undertaken with reckless disregard of plaintiff's rights. Their conduct amounts to willful or wanton negligence, entitling plaintiff to punitive damages under Administrative Code § 8-502.

36. By failing to bring their business into compliance, defendants unlawfully profited by collecting revenue while avoiding the costs of accessibility. Plaintiff is entitled to recovery of those unlawful profits, plus interest.

37. Plaintiff has sustained damages and will continue to suffer harm in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

38. Plaintiff repeats and incorporates all prior allegations as if fully set forth herein.

39. By discriminating against plaintiff on the basis of disability, defendants also violated the New York State Executive Law. As a result, plaintiff is entitled to recover the statutory penalties provided under Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

40. Plaintiff will continue to face unlawful discrimination so long as defendants fail to comply with federal, state, and city accessibility laws. Injunctive relief is necessary to require defendants to modify their facility, operations, and policies to bring them into compliance. Such relief must include alterations to the premises to make them readily accessible, modifications to practices and procedures, and the provision of auxiliary aids or services where required by law.

## DECLARATORY RELIEF

41. Plaintiff is entitled to a declaratory judgment concerning each of the

accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

### ATTORNEY'S FEES, EXPENSES AND COSTS

42. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v.    Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.    Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.    Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.    For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 10, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com